# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**STANLEY MONTGOMERY,**     **PLAINTIFF**

v.     **CIVIL ACTION NO.: 1:14cv125-SA-SAA**

**THE STATE OF MISSISSIPPI, et al.,**     **DEFENDANTS**

## ORDER OF DISMISSAL

This cause comes before the Court on the *pro se* complaint of Stanley Montgomery, Mississippi inmate number 63096, brought pursuant to 42 U.S.C. § 1983, in which Montgomery complains that the defendants conspired to induce him to plead guilty to identity theft, and that they are unlawfully holding him in custody. He maintains that he files this compliant to supplement the federal habeas petition he filed in connection with his identity theft sentences, *Montgomery v. Central Mississippi Correctional Facility, et al.*, 1:14cv25-SA-JMV (N.D. Miss.), which was dismissed without prejudice on August 1, 2014, for Montgomery's failure to exhaust his State court remedies prior to seeking federal habeas relief.

A plaintiff cannot recover damages in a § 1983 action for allegedly unconstitutional imprisonment unless he has first demonstrated that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's sentence has not been invalidated. Accordingly, *Heck* bars Plaintiff's recovery of damages, and his claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are satisfied. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) (citation

omitted).

**SO ORDERED**, this the 7th day of October, 2014.

    <u>/s/ Sharion Aycock</u>
**U.S. DISTRICT JUDGE**